United States District Court
Southern District of Texas
**ENTERED**
November 14, 2024
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**vs.**<br><br>**ANAS SAID**<br>    **Defendant** | **CRIMINAL NO. 4:24-561** |

### PROTECTIVE ORDER GOVERNING DISCOVERY

WHEREAS, the government will provide materials to the defendant in the course of the discovery process in this case (hereafter "Discovery Materials"), which may include, but is not limited to, copies of recordings made by witnesses, interviews, reports, photographs, writings, or other materials related to the underlying investigation of this case;

AND WHEREAS, the parties agree that the government has a compelling interest in preventing the Discovery Materials[1] from being disclosed to anyone not a party to the court proceedings in this matter, as such material may include information relevant to ongoing national security investigations and prosecutions, and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the parties agree that the Discovery Materials include certain "Sensitive Information," which includes, among other types of information, any actual or cover name, identifier, or online account name used by Federal Bureau of Investigation ("FBI") undercover personnel such as any FBI Confidential Human Source ("CHS"),

---

[1] Should there be any classified discovery; those materials will be the subject of a separate protective order.

Undercover Employee ("UCE"), or Online Covert Employee ("OCE"), and any other descriptors, photographs, or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1), 49.1(e), and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

IT IS ORDERED that:

1.   Except as provided below, Discovery Materials shall not be further disseminated[2] by the defendant or his counsel to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense or determine if a plea of guilty is appropriate.

2.   No Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Acknowledgment in the form attached hereto as Appendix A, agreeing to comply with the terms of this Order. The signed Acknowledgment shall be filed with the Court under seal. The substitution, departure, or removal for

---

[2] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

2

any reason from this case of counsel for the defendant, or anyone associated with the defense team shall not release that person from the provisions of this Order or the Acknowledgement executed in connection with this Order.

3. Defense counsel shall advise any person to whom the discovery materials are disclosed in accordance with this Order that further disclosure or dissemination is prohibited without defense counsel's express consent.

4. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel.

5. Discovery Material shall not be maintained by the defendant, nor be in the sole physical custody of the defendant, nor shall the defendant be permitted to make notes of the content of said materials and keep such notes with him or disseminate such notes or the contents thereof to anyone other than his attorney or members of his attorney's staff.

6. Defense counsel shall store all Discovery Materials, and any copies thereof, in a secure place at all times.

7. The Discovery Materials in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all Discovery Materials shall be destroyed or maintained under secure

conditions by defense counsel. Upon written request of the government, all Discovery Materials shall be returned to the government.

8.    As set forth above, CHS, UCE, and OCE actual or cover names, identifiers, online account names, and any other descriptors or photographs or video/audio recordings that could lead to the identity of a CHS, UCE, or OCE are considered "Sensitive Information." Such Sensitive Information should be designated and labelled as such by the government but remains Sensitive Information regardless of such labelling. To designate and label such Sensitive Information, the government shall use the following designation, on the material itself, in an accompanying cover letter, or on a diskette cover or label: "SENSITIVE INFORMATION." The failure to designate any materials as Sensitive Information as provided in this Order shall not constitute a waiver of a party's assertion that the materials are covered by this paragraph. In addition to the protections listed above applying to all Discovery Materials, further protections specifically apply to Sensitive Information, namely:

a.    The parties will not publicly disclose any Sensitive Information, including the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE or any other information that could lead to the identity of a CHS, UCE, or OCE, including photographs, video/audio recordings, in any pretrial filing or at any pretrial hearing in open court. The Clerk shall

4

accept for filing under seal any documents or filings so marked by the parties pursuant to this paragraph the Order.

b.  The parties will not disseminate any Sensitive Information, including information about a CHS, UCE, or OCE except to (a) members of the defense team; and (b) experts or outside investigators retained to assist in the preparation of the defense. The procedures set forth above, in paragraphs 1-4, for obtaining authorization to share Discovery Materials with non-defense team members, i.e., experts or outside investigators, apply as well to Sensitive Information. Defense counsel must seek and obtain *ex parte* Court authorization for such disclosure and the recipient must sign the Acknowledgement (Appendix A) of his or her obligation to comply with the Order.

c.  No one other than the defense counsel may maintain CHS/UCE/OCE-related Sensitive Information.

d.  Sensitive Information concerning a CHS, UCE, or OCE will be used solely for the purpose of allowing the defense team to prepare the defendant's case and for no other purpose.

e.  All recordings and/or documents in which a CHS and/or UCE and/or OCE can be seen, heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE, may be copied or reproduced ONLY for use by members of the defense team, excluding the defendant, and non-defense team members

5

authorized to be in receipt of such information, and may only be provided to further the investigation and preparation of this case.

f. All Sensitive Information that consists of recordings and/or documents—including any copies or reproductions thereof—in which a CHS and/or UCE and/or OCE can be seen or heard, or is discussed in terms that could lead to the disclosure of the actual or cover name, identifier, or online account name of any CHS, UCE, or OCE must be maintained at the office of defense counsel, and removed from such offices only by members of the defense team, but excluding the defendant. No one other than the defense counsel may maintain such recordings and/or documents, as described above.

g. The government will request to delete the true name of any CHS, UCE, or OCE from discovery. The government may also request to delete the cover name and/or online account name of any CHS/UCE/OCE from discovery if such deletion is necessary to protect the identity and security of the CHS/UCE/OCE.

9. Within 90 days of any final judgment in this case by the later of: i) the sentencing of the defendant, ii) the defendant's appeal, if any, or iii) dismissal of the indictment with or without prejudice; or within 90 days of the termination of a particular defense counsel's representation, the defendant and defendant's counsel shall return to the government all Discovery Materials (including any copies thereof), or shall destroy them and certify in

writing to counsel for the government that such materials have been destroyed. Furthermore, the defense counsel may maintain work product containing Sensitive Information subject to the protections of this Order for a period of ten years following the entry of final judgment and must thereafter destroy any and all such work product.

10. This Order does not prevent any party from objecting to discovery that it believes to be otherwise improper. Further, this Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute a ruling on any potential objection to the discoverability or admissibility of any material.

11. Should any Discovery Materials be improperly disclosed by a member of the defense team or a non-defense team member authorized to be in receipt of the Sensitive Information, then defense counsel shall use his or her best efforts to obtain the return of any such Discovery Materials and to bind the recipient of Discovery Materials to the terms of this Order and shall, within ten business days of the discovery of such disclosure, inform the Court and the government of the unauthorized disclosure and identify the circumstances thereof.

12. Nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular Discovery Materials. This Order is entered without prejudice to either

party's right to seek a revision of the Order by appropriate motion to the Court.

13.   This Order shall survive the termination of this criminal case and shall continue in full force and effect thereafter.

IT IS FURTHER ORDERED that any papers filed by the government pursuant to the Classified Information Procedures Act (CIPA), 18 U.S.C. § App. III, containing classified information shall be filed under seal and *ex parte* with the Court through the Classified Information Security Officer or a designee of his choosing who possesses the necessary security clearance and shall be governed by the provisions of CIPA and not the terms of this order.

**SO ORDERED.**

November **14**, 2024.

HON. DAVID HITTNER
UNITED STATES DISTRICT JUDGE

8

Appendix A

## **ACKNOWLEDGMENT**

The undersigned hereby acknowledges that he (she) has read the Protective Order entered in the United States District Court for the Southern District of Texas in the case captioned *United States v. ANAS SAID*, Case Number, 4:24-cr-561, understands its terms, and agrees to be bound by each of those terms. Specifically, and without limitation, the undersigned agrees not to use or disclose any documents or information made available to him or her other than in strict compliance with the Order. The undersigned acknowledges that his or her duties under the Order shall survive the termination of this case and are permanently binding, and that failure to comply with the terms of the Order may result in the imposition of sanctions by the Court.

DATED: _____          BY:

                                   _____
                                   (type or print name)


                                   SIGNED:

                                   _____

9