# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 4:24-561** |
| | § | |
| **ANAS SAID** | § | |
|     **DEFENDANT** | § | |

## <u>GOVERNMENT RESPONSE TO</u>
## <u>MOTION IN LIMINE FOR GRANT OF PERMISSION TO PERFORM</u>
## <u>LIVE TELEGRAM DEMONSTRATION</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the United States of America, by and through Acting United States Attorney John G.E. Marck and Assistant United States Attorneys Steven Schammel and Liesel Roscher and hereby file this response in opposition to Motion in Limine for Grant of Permission to Perform Live Telegram Demonstration (the "Defense Motion").

### Summary of Argument

Defendant, by way of a motion in limine, seeks permission to conduct a live demonstration of the Telegram messaging application as a means to "properly assist the jury to understand [Defendant's] interactions on Telegram and the nature of the

1

groups." (Dkt. 64.) The government objects to this proposed witness and the manner of the introduction of evidence as violating Fed. R. Evid. 107 and 403.

**I.      The proposed witness testimony and demonstration is inadmissible under Fed. R. Evid. 107 and 403.**

Enacted in December 2024, Federal Rule of Evidence 107 - Illustrative Aids now governs the admission of the demonstrative/illustrative exhibit the Defendant seeks to admit. The Defendant's proposed presentation of the Telegram application, however, is prohibited by Fed. R. Evid. 107, and the defendant's argument that the government's core coordination theory rests on a single conversation is inaccurate.

The permitted use of illustrative aids[1] "**may** allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument if the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107 (emphasis added) (quoting Fed. R. Evid. 403).[2] The

---

[1] The committee notes for Fed. R. Evidence 107 state that, "the term 'illustrative aid' is used instead of the term 'demonstrative evidence,' as that latter term has been subject to differing interpretation in the courts. An illustrative aid is any presentation offered not as evidence but rather to assist the trier of fact in understanding evidence or argument. "Demonstrative evidence" is a term better applied to substantive evidence offered to prove, by demonstration, a disputed fact.

[2] Fed. R. Evid. 403 permits the court to exclude relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Defendant's proposal does not achieve that objective. Rather, the Defendant proposes to admit Defendant's self-serving statements regarding how Abu Hamam, also known as "Dawlawi Designer 2," received his title, what that title meant, and what Defendant perceived the Telegram discussions to be about by way of the testimony of Defendant's Telegram witness. Illustrative aids, however, must not be used to admit otherwise inadmissible evidence. *United States v. Bray,* 139 F.3d 1104, 1111 (6th Cir. 1998) (explaining that illustrative aids are intended to "organize or aid" admitted evidence). And that is precisely what Defendant seeks to do. Indeed, any Telegram witness would have no firsthand knowledge of those issues.

In support of his motion, Defendant cites *United States v. Garcia* 334 F. App'x 609 (5th Cir. 2009) to advance his theory that the use of illustrative aids is within the court's discretion. *Garcia* is a 2009 case when Fed. R. Evid. 611 governed illustrative aids. Fed. R. Evid. 107 replaced the judicial discretion of Fed. R. Evid. 611 with an objective balancing test, measuring the probative value of the illustrative aid against the dangers listed in Fed. R. Evid. 403. *See* Fed. R. Evid. 107. In fact, the committee notes warn the Courts of the issues presented by Defendant's proposed testimony, specifically that the "illustrative aid might appear to be substantive evidence of a disputed event." Fed. R. Evid. 107. Defendant proposes to have the Telegram witness testify as to how Abu Haman received the title "Dawlawi Designer 2," what Abu Hamam meant by the screen name "Dawlawi

3

Designer 2," and what Defendant perceived "Dawlawi Designer 2" to mean – all uses prohibited by Fed. R. Evid. 107.

By way of comparison, the aid in *Garcia* was selected transcripts from a large volume of phone calls. *Garcia*, 334 at 615. This evidence is distinguishable from the defendant's proposed Telegram presentation for two reasons. First, the transcript in *Garcia* is a summary of voluminous admissible evidence offered to prove a fact. This type of summary exhibit was specifically carved out of Fed. R. Evid. 107 and is governed by Fed. R. Evid. 1006. *See* Fed. R. Evid. 107. Second, the demonstrative aid in *Garcia* is a direct copy of phone calls which were already admitted, whereas presently Defendant seeks to offer an entirely original presentation that leaves the jury to speculate whether the Telegram administrators used the same means as those in the presentation, as well as what Defendant understood those terms to mean. Neither the government, nor the Court knows what this presentation will look like.

Second, Defendant's claim that the government rests its core coordination theory on a single conversation is a misunderstanding or misstatement. The government argues, consistent with Fifth Circuit precedent, that the defendant coordinated with or acted under the direction of ISIS, and the government need not prove he had communication with a certain individual in the ISIS hierarchy to prove its case. In fact, the Fifth Circuit illustrates this in the Pattern Jury instruction notes:

In addition, the Fifth Circuit has upheld the conviction of a defendant for "answering users' questions about ISIS, giving lengthy speeches, and taking various administrative actions" on a social media platform. See *United States v. Rahim*, 860 F. App'x at 53 (rejecting defendant's argument that he could not be convicted of attempting to provide personnel—himself and others—to ISIS because he was engaged in "independent advocacy" protected by the First Amendment).

Fifth Circuit Pattern Instruction 2.92 (2019) (see note on page 451).

Since Defendant is charged with attempt, the case does not rest on whether Dawlawi Designer 2 was in fact the number two designer at ISIS. Certainly, that is evidence of coordination, but the case does not rest on that fact. To the contrary, the Dawlawi Designer 2 screenname is just one piece of evidence regarding Defendant's understanding regarding the extent to which he was acting at the direction of and coordinating with ISIS. In fact, while Defendant's proposal focuses on a purported explanation for the Defendant's understanding of the Designer's screenname, it entirely ignores the fact that the Designer represented himself to be the "number 2" designer "for the Dawlah." Def. Mot. at 1-2 (quoting ECF No. 8 at 7).

Moreover, the government's ISIS expert has opined that the individual with whom Defendant communicated was likely an official ISIS media personnel member because of the detailed descriptions and instructions. He will also testify regarding ISIS's media paradigm, which relies on *munasirun*, like defendant. That, ISIS "relies on and intends for individuals to create and use official and unofficial

media in order to recruit ISIS soldiers, develop financing, and deliver instructions and incitement." Dkt. 61.

Therefore, the Telegram presentation will only serve to confuse the jury. A live presentation is not necessary for members of the jury to know an individual can create their own username. The individual's screen name and explanation of his identity and role with ISIS is evidence, evidence that both sides can argue if in evidence. On the other hand, illustrative aids must not "appear to be substantive evidence," or "distort or oversimplify the evidence presented, or stoke unfair prejudice." Fed. R. Evid. 107. In *Gov't of Virgin Islands v. Lanclos*, the Third Circuit affirmed the district court's decision to prohibit the defendant from conducting an in-court demonstration with handcuffs. 477 F.2d 603, 607 (3d Cir. 1973). The Court explained, "The trial judge refused to allow the demonstration on the ground that there would be no way to determine objectively whether or not the defendant was making a good faith effort to reach as far back as he could." *Id*. Presently, Defendant seeks to demonstrate how a user *could* use Telegram, presumably that any server moderator could designate a user with the role "Dawlawai Designer 2," what was meant by the name "Dawlawi Designer 2," and what Defendant understood "Dawlawi Designer 2" to mean. It is clear that illustrative aids must not be used to admit otherwise inadmissible evidence. *United States v. Bray,* 139 F.3d 1104, 1111 (6th Cir. 1998), (explaining that illustrative aids are intended "organize or aid"

6

admitted evidence). In the case now before the Court, there is no way for Defendant's proposed witness—even if they are knowledgeable about the use of Telegram—to determine objectively how Abu Hamam earned the role of "Dawlawi Designer 2," what the name "Dawlawi Designer 2" meant, or what Defendant understood "Dawlawi Designer 2" to mean. Only the Defendant can testify to what he understood that name to mean. Through the proposed Telegram witness, Defendant seeks to admit the inadmissible, Defendant's self-serving statements.

II.     **The proposed testimony is expert testimony subject to Rule 702 that was not timely disclosed and should be barred.**

In addition to being barred by Rules 107 and 403, the proposed testimony constitutes expert testimony subject to Rule 702 that was not timely disclosed and therefore should be excluded.

"[T]he distinction between lay and expert witness testimony is that lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" *United States v. Yanez Sosa*, 513 F.3d 194, 200 (5th Cir. 2008) (quoting Fed. R. Evid. 701, Advisory Committee Notes to 2000 Amendments). The proposed testimony here cannot "result from a process of reasoning familiar in everyday life." If it could, then there would be no need for the testimony at all, as the jury could understand the issues. Rather, given that the

purpose of the proposed testimony is to present "specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue," the testimony is expert testimony subject to Rule 702.

This Court ordered expert disclosures to be exchanged on June 30, 2026. That deadline was set sufficiently in advance of trial so that the parties would have sufficient time to review the disclosures, file motions to exclude, and potentially identify rebuttal experts. But it was not until the instant motion in limine that the government was made aware of any testimony related to Telegram. Given that the proposed testimony is subject to Rule 702, as explained above, and the Defendant failed to properly disclose it under Rule 16, the Court should exclude it. *United States v. Crook*, 479 F. App'x 568, 575 (5th Cir. 2012) (finding no abuse of discretion when district court determined "Crook failed to provide a timely summary of [expert witness] Brannon's testimony and "that the only appropriate remedy [was] the exclusion of Brannon's testimony."

**Conclusion**

The proposed evidence is not illustrative and therefore not admissible under Fed. R. Evid. 107. Furthermore, the evidence, even if it were somehow admissible under Fed. R. Evid 107, the aid's utility in assisting comprehension is not "substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time and should not be admitted." Fed.

8

R. Evid. 403. The proposed evidence is also expert testimony of which the Defendant failed to provide timely notice under the case deadlines. For all of these reasons, the Defendant's motion should be denied.

Respectfully submitted,

JOHN G.E. MARCK
ACTING UNITED STATES ATTORNEY

By: */s/ Steven Schammel*
STEVEN SCHAMMEL
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9325

LIESEL ROSCHER
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9000

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on counsel for the defendant in accordance with the Federal Rules of Criminal Procedure on July 6, 2026.

*/s/ Steven Schammel*
Steven Schammel
Assistant United States Attorney