UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § | |
| v | | CRIMINAL NO. C-24-561 |
| ANAS SAID | | |

## PROPOSED INSTRUCTIONS TO THE JURY

COMES NOW the United States of America, by and through the Acting

United States Attorney for the Southern District of Texas, John G.E. Marck, and

Assistant United States Attorneys Steven Schammel and Liesel Roscher,

respectfully requests that the Court include the following instructions in its charge

to the jury, and requests permission to submit such additional instructions as may

become appropriate during trial.  These instructions are from the 2024 Fifth Circuit

Pattern Instructions, and modifications thereto are noted in the Praecipe, which

follows.

Dated this 6th day of July 2026.

Respectfully submitted,

JOHN G.E. MARCK
UNITED STATES ATTORNEY

By:　*Liesel LeCates Roscher*
STEVEN SCHAMMEL
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9325

LIESEL ROSCHER
Assistant United States Attorney
U.S. Attorney's Office
1000 Louisiana, Ste. 2300
Houston, Texas 77002
(713) 567-9000

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing PROPOSED

INSTRUCTIONS TO THE JURY has been sent to defendant's attorneys of record,

the attorney for the defendant, via ECF filing, on the 6th day of July 2026.

LIESEL LECATES ROSCHER
Assistant United States Attorney

2

**PRAECIPE**

| Pattern Jury Instruction Number | Description | Stock (S) or Modified (M) | Source/ Supporting Authority |
|---|---|---|---|
| 1.01 | Preliminary Instructions | M | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.02 | Note Taking by Jurors – Alternative B | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.03 | Introduction to Final Instructions | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.04 | Duty to Follow Instructions | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.05 | Presumption of Innocence, Burden of Proof, Reasonable Doubt | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.06 | Evidence – Excluding What is Not Evidence | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.08 – Alt. B | Evidence – Inferences – Direct and Circumstantial | S | 5th Circuit Pattern Jury Instructions - Criminal |
| 1.09 | Credibility of Witnesses | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.18 | Expert Opinion Testimony | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.19 | On or About | S | 5th Circuit Pattern Jury Instructions – Criminal |

| 1.21 | Caution – Consider Only Crime Charged | S | 5th Circuit Pattern Jury Instructions - Criminal |
|---|---|---|---|
| 1.22 | Caution—Punishment | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.26 | Duty to Deliberate | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.41 | "Knowingly" – To Act | S | 5th Circuit Pattern Jury Instructions – Criminal |
| 2.92B | Providing Material Support to a Designated Foreign Terrorist Organization | M | 5th Circuit Pattern Jury Instructions – Criminal |
| 1.27 | Unanimity of Theory | M | 5th Circuit Pattern Jury Instructions – Criminal |

## 1.01: PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you

agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are

instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

***Rules for criminal cases:***

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

6

*First*: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

*Second*: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

*Third*: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

***Summary of applicable law:***

In this case the defendant is charged with **Attempting to Provide Material Support or Resources to a Designated Foreign Terrorist Organization**. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case:

Count 1: (1) That the defendant knowingly attempted to provide material support or resources to an organization; and (2) That the defendant did so knowing that the organization is a designated terrorist organization, namely ISIS.

***Conduct of the jury:***

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

9

*Course of the trial:*

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if she wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

## 1.02 NOTE TAKING BY JURORS
## ALTERNATIVE B

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

10

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

## 1.03: COURT'S INSTRUCTIONS TO THE JURY AT CONCLUSION OF TRIAL

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations.

## 1.04: DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## 1.05: PRESUMPTION OF INNOCENCE-BURDEN OF PROOF-REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would

be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

### 1.06:  EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### 1.08:  EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL ALTERNATIVE B

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## 1.09: CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

16

[The testimony of the defendant should be weighed, and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## 1.18 EXPERT OPINION TESTIMONY

During the trial you heard the testimony of Aaron Zelin who expressed opinions concerning Islamic State of Iraq and al-Sham (ISIS). If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as

17

you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

### 1.19: ON OR ABOUT

You will note that the indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date stated in the indictment.

### 1.21:  CAUTION – CONSIDER ONLY THE CRIMES CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### 1.22:  CAUTION—PUNISHMENT

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

18

## 1.26: DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

*[Explain verdict form.]*

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

## 1.41: "KNOWINGLY' – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## 2.92B:  PROVIDING MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANIZATION
### 18 U.S.C. SECTION 2339B

**Count One of the Indictment**:

Title 18, United States Code, Section 2339B, makes it a crime for anyone to knowingly attempt to provide material support or resources to a designated foreign terrorist organization. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*First*: That the defendant knowingly attempted to provide material support or resources to the designated foreign terrorist organization ISIS; and

*Second*: That the defendant did so knowing that the organization, ISIS, is a designated terrorist organization, or that organization has engaged or engages in terrorist activity, or that the organization has engaged or engages in terrorism.

In order to prove an attempt, the government must prove that the defendant did an act that constitutes a substantial step towards providing material support or resources to a designated foreign terrorist organization and that strongly corroborates the defendant's criminal intent and amounts to more than mere preparation.

21

Jurors do not need to agree unanimously as to which particular act or actions constitute a substantial step toward the commission of a crime.

In this case, the government has alleged that the "material support or resources" that the defendant attempted to provide was personnel (himself) and services, including producing videos and propaganda.

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications, equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation. Medicine or religious materials are not included.

No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with one or more individuals (who may be or include himself ) to work under that terrorist organization's direction or control or to organize manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be

22

considered to be working under the foreign terrorist organization's direction and control.

The term "material support and resources" also includes any "services," as alleged in the indictment. The term "services" includes the performance of work commanded or paid for by another or act done for the benefit of another, or at the command of another. Service refers to concerted activity, not independent advocacy. Services provided as material support to a foreign terrorist organization, includes advocacy, or activity, performed in coordination with, or at the direction of, a foreign terrorist organization. Independent advocacy, however, is not prohibited.

The government must also prove that the defendant knew that ISIS was a designated foreign terrorist organization, or that ISIS had engaged or was engaging in terrorist activity or terrorism.

The term "terrorist organization" means an organization designated by the Secretary of State as a terrorist organization under section 210 of the Immigration and Nationality Act. I hereby instruct you that Islamic State of Iraq and al-Sham (ISIS) has been designated as foreign terrorist organization by the Secretary of State.

The term "engage in terrorist activity" means any activity that, if it had been committed in the United States, would be unlawful under the laws of the United

23

States or any State and that involves a threat, attempt, or conspiracy to use any explosive, firearm, or other weapon or dangerous device (other than for mere personal monetary gain), with intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to property.

The term, "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

The First Amendment to the Constitution guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations. The First Amendment, however, does not provide a defense to a criminal charge simply because a person uses his associations, beliefs, or words to carry out an illegal activity. Stated another way, if a defendant's speech, expression, or associations were made with the intent to willfully provide funds, goods, or services to or for the benefit of ISIS, or to knowingly provide material support or resources to ISIS, as described in the indictment, then the First Amendment would not provide a defense to that conduct.

24

## 1.27 UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count One.

Count One of the indictment accuses the defendant of committing the crime of PROVIDING MATERIAL SUPPORT TO A DESIGNATED FOREIGN TERRORIST ORGANZIATION (18 U.S.C. SECTION 2339B) in TWO different ways. The first is that the defendant attempted to provide material support and resources, to wit personnel (himself). The second is that the defendant attempted to provide material support and resources by producing videos and propaganda (services).

The government can also prove knowledge in three different ways. The first is that the defendant knew ISIS is a designated terrorist organization. The second is that ISIS has engaged or engages in terrorist activity, and the third is that ISIS has engaged or engages in terrorism.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant attempted to provide himself; or, all of you must agree that the

government proved beyond a reasonable doubt that the defendant attempted to provide services.