**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CASE NO. 4:24-cr-00561-1** |
| | § | |
| **ANAS SAID** | § | |
| **Defendant.** | § | |

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

COMES NOW the Defendant, ANAS SAID, by and through his attorneys, and respectfully requests that the Court include the following instructions in its charge to the jury, and requests permission to submit such additional instructions as may become appropriate during trial.

Respectfully submitted,

/s/ *Sufia M. Khalid*
SUFIA M. KHALID
*Deputy Director, NSCDC*
Muslim Legal Fund of America
100 N. Central Expy., Suite 1010
Richardson, Texas 75080
972-914-2507 (Office)
sufia.khalid@mlfa.org

/s/ *Suha Najjar*
*Senior Staff Attorney*, NSCDC
Muslim Legal Fund of America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
972-914-2507
Suha.Najjar@mlfa.org

1

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing was delivered to the involved parties this 6th day of July, 2026 by the CM/ECF system.

/s/ *Sufia M. Khalid*
SUFIA M. KHALID
*Deputy Director, NSCDC*
Muslim Legal Fund of America 100 N. Central Expy., Suite 1010
Richardson, Texas 75080
972-914-2507 (Office)
sufia.khalid@mlfa.org


 /s/ *Suha Najjar*
SUHA NAJJAR
South Carolina State Bar
No. 105314
100 N. Central Expy., Suite 1010,
Richardson, Texas 75080
972-914-2507 (Office)
suha.najjar@mlfa.org

**Defendant's Proposed Jury Instruction 1**
**Preliminary Instructions**

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial. Those who participate in a trial must do so pursuant to established rules. This is true of the witnesses, the lawyers, and the Judge. It is equally true of you as jurors. The lawyers present the evidence according to rules; the Judge enforces the rules and determines what evidence may be admitted. It is also the duty of the Judge to instruct you in the law, and it is your duty to follow the law as I will state it to you, both now and during the trial.

If in these instructions, or in instructions that I will give you later, any principle or idea is repeated or stated in varying ways, no emphasis is intended, and none must be inferred by you. Therefore, you must not single out any particular sentence or individual point and ignore the others, but rather you are to consider all the instructions as a whole, and are to consider each instruction in relation to all the others. The fact that I give you some instructions now, and some later, has no significance as to their relative importance, nor does the order in which I give you these instructions.

**Duty of the jury:**

It will be your duty to find from the evidence what the facts are. You and

you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not. Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

**Evidence:**

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1. Statements, arguments, and questions by lawyers are not evidence. There is an exception, and that is if the lawyers agree to any fact. Such agreement (called a stipulation or admission) will be brought to your attention, and it will then be your duty to regard such fact as being conclusively proved without the need for further evidence.

2. Objections to questions are not evidence. Lawyers have an obligation to

their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. You must not speculate as to what the answer might have been or the reason for the objection. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3. Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4. Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. In determining these questions, you will apply the tests of truthfulness you apply in

your daily lives. These tests include the appearance of each witness on the stand; his or her manner of testifying; the reasonableness of the testimony; the opportunity he or she had to see, hear, and know the things concerning which he or she testified; his or her accuracy of memory; frankness or lack of it; intelligence; interest and bias, if any; together with all the facts and circumstances surrounding the testimony. Applying these tests, you will assign the testimony of each witness such weight as you deem proper.

You are not required to believe the testimony of any witness simply because it was given under oath. You may believe or disbelieve all or any part of the testimony of any witness. You should not decide any issue of fact merely on the basis of the number of witnesses who testify on each side of an issue. Rather, the final test in judging evidence should be the force and weight of the evidence, regardless of the number of witnesses on each side of an issue. The testimony of one witness believed by you is sufficient to prove any fact.

Also, discrepancies in testimony between witnesses does not necessarily mean that you should disbelieve a witness, as people commonly forget facts or recollect them erroneously after the passage of time. You are certainly aware that two persons who witness the same incident may often see or hear it differently. In considering a discrepancy in testimony, you should consider whether such discrepancy concerns an important fact or a trivial one.

I will give you some additional guidelines for determining the credibility of witnesses at the end of the case.

**Rules for criminal cases:**

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his innocence, or to present any evidence, or to testify. Since each defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

**Summary of Applicable Law:**

In this case, the Defendant is charged with attempting to provide material support and resources to a designated foreign terrorist organization. I will give you

detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case:

1. First: That the defendant knowingly attempted to provide material support or resources to an organization; and

2. Second: That the defendant did so knowing that the organization is a designated terrorist organization, namely ISIS.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved all of the following beyond a reasonable doubt:

**Conduct of the jury:**

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the Defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about

the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among your- selves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry,

iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, MySpace, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you do decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

**Course of the trial:**

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments. The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

**DEFENDANT'S PROPOSED INSTRUCTION 2**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DEFENDANT'S PROPOSED INSTRUCTION 3

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,

## REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

A Defendant is never to be convicted on mere suspicion or conjecture. If you

are convinced that the accused has been proven guilty beyond a reasonable doubt, say so. If you are not convinced say so.

Unless the government proves, beyond a reasonable doubt, that the Defendant has committed each and every element of the offense charged in the indictment, you must find the Defendant not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilty— the jury must, of course, adopt the conclusion of innocence.

**AUTHORITY**:
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS
(CRIMINAL CASES), Inst. No. 1.05 (2015 ed.) (modified to include italicized language); *United States v. Williams*, 20 F.3d 125, 128 n.1 (5th Cir.) (encouraging the use of the Fifth Circuit's pattern jury instruction on reasonable doubt), *cert. denied*, 513 U.S. 891 (1994). Italicized language derived from *United States v. Vaglica*, 720 F.2d 388, 391-92 (5th Cir. 1983).

**DEFENDANT'S PROPOSED INSTRUCTION 4**
**PROVIDING MATERIAL SUPPORT TO A DESGINATED FOREIGN**
**TERRORIST ORGANIZATION**

Title 18, United States Code Section 2339B makes it a crime for anyone to knowingly attempt to provide material support or resources to a designated foreign terrorist organization is guilty of a crime.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First:* That the defendant knowingly attempted to provide material support or resources to an organization; and

*Second:* That the defendant did so knowing that the organization is a designated terrorist organization.

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications, equipment, facilities, weapons, lethal substances, explosives, personnel (one or more individuals who may be or include oneself), and transportation, except medicine or religious material.

The term "terrorist organization" means an organization designated as a terrorist organization under section 210 of the Immigration and Nationality Act. I hereby instruct you that ISIS is a Foreign Terrorist Organization.

The word "personnel" means one or more individuals (which can include the defendant himself) to work under ISIS's direction or control or to organize, manage, supervise, or otherwise direct the operation of ISIS. Persons who act independently of ISIS to advance ISIS's goal or objectives are not working under ISIS's control or at the direction of ISIS. So if you find that the Defendant acted independently of ISIS, he did not provide personnel to ISIS.

[No person may be prosecuted under this section in connection with the term "personnel" unless that person has knowingly provided, attempted to provide, or conspired to provide a foreign terrorist organization with one or more individuals (who may be or include himself) to work under that terrorist organization's direction or control or to organize manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives shall not be considered to be working under the foreign terrorist organization's direction and control.

The word "service" carries its ordinary meaning: the performance of work commanded or paid for by another; here, ISIS. Only work performed in coordination with, or at the direction of, ISIS meets the definition of service. If you find that the Defendant acted independently of ISIS, he did not provide services to ISIS.

**Authority:**
18 U.S.C. 2339B(h); *Holder*, 561 U.S. at 24.

**DEFENDANT'S PROPOSED INSTRUCTION 5**
**DIRECTION AND COORDINATION**

In order for the defendant to be found guilty of attempting to provide personnel to ISIS under Section 2339B, you must find that the government has proved beyond a reasonable doubt that Said worked *under* ISIS's "direction and control." In other words, you must find that ISIS controlled or constrained the Defendant's actions and that ISIS had knowledge of the Defendant's existence. If you believe that Said worked independently, then you must find that he did not provide services to ISIS.

In order for the Defendant to be found guilty of attempting to provide services to ISIS, you must find that the government has proved beyond a reasonable doubt that the Defendant provided the alleged services *to* ISIS. In other words, you must find that there was a connection between the alleged service and ISIS and that the Defendant and ISIS worked in concert. If you believe that Said worked independently, then you must find that he did not provide services to ISIS.

In order to convict under the "personnel" or "services" theory, you must find that Said worked under the direction and control of ISIS and that he did not work independent of ISIS's control.

**Authority:**

"As a matter of ordinary meaning, a person cannot "work under [ISIS's] direction or control" if he is acting alone, and if ISIS does not know he exists, has no expectation he will hear ISIS's messages or act on them, and will not know, or care, or have any recourse if he ignores the message completely. To hold otherwise would stretch the meaning of the phrase "under [the] direction or control" beyond its breaking point. That Defendant subjectively conceived of himself as a soldier of ISIS does not establish that ISIS did, in fact, control or direct his actions. *See, e.g.*, Restatement (Second) of Agency § 221 cmt. a ("One does not become a servant by believing that he is one and intending to render service as one.")." *United States v. Ullah*, 173 F.4th 399, 415 (2d Cir. 2026)

"Furthermore, even if an ISIS YouTube video contained a "direction" in some sense, § 2339B(h) is not satisfied simply because one acts after hearing a direction from a terrorist organization. The statute requires that one "work *under* that terrorist organization's direction or control." 18 U.S.C. § 2339B(h) (emphasis added). The word "under" has many meanings, but in the context of the full phrase quoted above, it is most naturally read to mean "suffering restriction, constraint, or control by." *Under*, Webster's Third New International Dictionary 2487 (2002) (offering the example of "living [under] strict disciplinary rules"); *see also id.* (defining "under" to mean "subject to the bidding or authority of : led by," as in "served [under] three colonels"). In its videos, ISIS urged supporters to attack the United States, and Defendant chose to do so after viewing those videos. But he was not constrained by ISIS's hortatory, open-ended message. That total absence of constraint is inconsistent with the plain meaning, and the dictionary meaning, of acting "under" someone else's "direction or control." *United States v. Ullah*, 173 F.4th 399, 416 (2d Cir. 2026)

[S]ervice" similarly refers to concerted activity, not independent advocacy. See Webster's Third New International Dictionary 2075 (1993) (defining "service" to mean "performance of work commanded or paid for by another: a servant's duty: attendance on a superior"; or "an act done for the benefit or at the command of another"). Context confirms that ordinary meaning here. The statute prohibits providing a service "*to* a foreign terrorist organization." § 2339B(a)(1) (emphasis added). The use  of the word "to" indicates a connection between the service and the foreign group. We think a person of ordinary intelligence would understand that independently advocating for a cause is different from providing a service to a group that is advocating for that cause. *Holder v. Humanitarian Law Project*, 561 U.S. 1, 23-24, 130 S. Ct. 2705, 2721-22 (2010)

The term "service," like "personnel," covers only acts "performed in coordination with, or at the direction of, a foreign terrorist organization."  *United States v. Ullah*, 173 F.4th 399, 421 (2d Cir. 2026) (citing to *Holder*, 561 U.S. at 23-24)

A contrary interpretation would render Congress's exclusion of "entirely independent" actors nonsensical. Congress expressly provided that "[i]ndividuals who  [*417]  act entirely independently of the foreign terrorist organization *to advance its goals or objectives* shall not be considered to be working under the foreign terrorist organization's direction and control." 18 U.S.C. § 2339B(h) (emphasis added). Indisputably, Congress intended to exclude *some* individuals acting to advance a foreign terrorist organization's goals from liability. And knowingly acting to advance a foreign terrorist organization's goals, independently or otherwise, *requires* at least some exposure to that organization's general influence, including some knowledge or impression of what those goals or objectives are. Thus, it cannot be that in order to act "entirely independently" and outside of an organization's "direction and control," an individual must be totally free of a foreign terrorist organization's influence or messaging. *See United States v. Wright*, 937 F.3d 8, 29 (1st Cir. 2019) (holding jury instruction erroneously suggested [**18]  jury could convict defendant even if he only coordinated "with the organization's strategy and tactics, if merely publicly available" rather than "with the terrorist organization itself").  *United States v. Ullah*, 173 F.4th 399, 416-17 (2d Cir. 2026). *See also United States v. Wright*, 937 F.3d 8, 27 (1st Cir. 2019)

## DEFENDANT'S PROPOSED INSTRUCTION 6
## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the end, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial

that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the Defendant beyond a reasonable doubt before you can find him or her guilty.

**DEFENDANT'S PROPOSED FINAL INSTRUCTION 7
CREDIBILITY OF WITNESSES**

I remind you that it is your job to decide whether the government has proved the guilt of the Defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the Defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the Defendant should be weighed and his credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a Defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## DEFENDANT'S PROPOSED JURY INSTRUCTION 8

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of _____, who expressed opinions concerning

_____. If scientific, technical, or other specialized knowledge might assist the jury

in understanding the evidence or in determining a fact in issue, a witness qualified by

knowledge, skill, experience, training, or education may testify and state an opinion concerning

such matters.

Merely because such a witness has expressed an opinion does not mean, however, that

you must accept this opinion. You should judge such testimony like any other testimony. You

may accept it or reject it and give it as much weight as you think it deserves, considering the

witness's education and experience, the soundness of the reasons given for the opinion, and all

other evidence in the case.

## DEFENDANT'S PROPOSED JURY INSTRUCTION 9
## "KNOWINGLY"—TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## DEFENDANTS' PROPOSED INSTRUCTION 10
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. If you do not all agree then you have not reached a verdict

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The Foreperson does not have any greater power than any other juror, and his or her vote does not have any more

importance than other votes.

The Foreperson serves to help you conduct your deliberations in an orderly manner and give each of you the opportunity to express your opinion. The Foreperson is also responsible for ensuring that you conduct your deliberations in accordance with my instructions. A verdict form has been prepared for your convenience. [Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, you should each date and sign the verdict.

As a reminder, during your deliberations, you must not provide any information to anyone about this case. You may not use any electronic device or service to communicate to anyone any information about this case or to conduct any research about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations.

With regard to note taking, as I instructed you at the start of the trial, the decision to take notes was purely your own, based upon your own assessment whether notes would assist you in following the evidence. Some of you took extensive notes; others took few notes. This is not significant. What must be stressed is any notes taken by a juror, extensive or few, are not a literal record of the points covered, nor anything close to a literal record. Moreover, you must bear

in mind during your deliberations that the memory of a note-taking juror is in no way more or less reliable than the memory of a juror who chose not to take notes. It is your individual recollection of the testimony that must control, and not the existence of any notes.

During your deliberations, you are, of course, permitted to take breaks. However, you may not discuss the case unless all members of the jury are present. If you separate briefly to smoke, snack, or get fresh air, you must not discuss the case. Please make sure _____ knows your whereabouts if you leave the jury room. Also, _____ will collect your cell phones during your deliberations. You are to use the phone in the jury room only to call our staff. If you need to contact someone, let _____ know. When you have reached a verdict and signed the verdict form, you will call us, and we will then gather the parties and lawyers back to the courtroom to announce your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

I cannot include all the law in any single part of the instructions. In

considering one portion, you must consider it in the light of, and in harmony with, all the instructions. Whether or not certain instructions are applicable may depend upon the conclusions you reach on the facts. If during your deliberations you are in doubt about a portion of my instructions, the Foreperson should put your question in writing, and call Laura, who will pick up your written question. I will then discuss the question with the lawyers and send back a written response.

If for some reason you have an impression that I have indicated how any disputed fact should be decided, you must put aside that impression because that decision must be made by you, based solely upon the facts presented to you in this courtroom. And if during the course of the trial I have said or done anything that you consider an indication of my view on this case, you are instructed to disregard it.

Circumstances in the case may arouse sympathy for one party or the other. Sympathy is a common, human emotion. The law does not expect you to be free of such normal reactions. However, the law, and your oath as jurors, require you to disregard sympathy and not to permit it to influence your verdict.

It is your duty to weigh the evidence, decide the disputed questions of fact, apply the instructions of law to your findings and render your unanimous verdict accordingly. Your duty, and oath, as jurors is to arrive at a fair and just verdict.

Your initial conduct upon commencing deliberations is a matter of

importance. It is not wise to immediately express a determination or to insist upon a certain verdict. Having so expressed yourself, your sense of pride may be aroused, and you may hesitate to give up your position even if shown that it is not correct.

Consult with one another in the jury room, and deliberate with a view to reaching an agreement if you can do so without disturbing your individual judgment. Each of you must decide the case for yourself. You should do so, however, only after a discussion of the case with the other jurors. Do not hesitate to change an opinion if you become convinced that it is wrong. However, you should not surrender your considered opinion in order to be congenial or to reach a verdict solely because of the opinions of the other jurors.

Counsel, anything further? [Dismiss Alternate Juror(s).]

Finally, to assist your discussions, I baked you what I now call a "Deliberation Cake." _____ will bring that into you with the exhibits, brown envelope, and help you get started.

You may now retire to the jury room.

**AUTHORITY**:
FIFTH CIRCUIT DISTRICT JUDGES ASSOCIATION PATTERN JURY INSTRUCTIONS (CRIMINAL CASES), Inst. No. 1.24 (2017 addendum); FINAL JURY INSTRUCTIONS (AFTER CLOSING ARGUMENTS) (N.D. Ohio, Aug. 2018) (Zouhary, J.).

## DEFENDANTS' PROPOSED INSTRUCTION 11
### EXHIBITS

A number of exhibits and testimony relating to them will be introduced or discussed. You will determine what weight, if any, an exhibit should receive in light of all the evidence, no matter who produced the exhibit. The numbering of the exhibits may not follow consecutively. There are several reasons for this. Some exhibits may not be offered, some may be duplicates, or the Court may reject some exhibits because of a legal or other ruling. Do not guess or draw any inference because you do not have a particular numbered exhibit.

## DEFENDANTS' PROPOSED INSTRUCTION 12
## EQUAL EVIDENCE

The line between honest belief and purposeful misrepresentation is not always clear. The Defendant's guilt or innocence may depend upon where that line is drawn. You may not convict if the evidence is evenly balanced between guilt and innocence.

## DEFENDANTS' PROPOSED INSTRUCTION 13
## GOVERNMENT EMPLOYEES AS WITNESSES

The mere fact that a witness is employed by the government does not entitle such witness's testimony to more weight or credence than that of any other witness's testimony. You must judge the credibility of all witnesses, including government employees, and consider their interest, if any, in determining the weight to be given to their testimony.

**AUTHORITY**:

*United States v. Gallardo-Trapero,* 185 F.3d 307, 320 (5th Cir. 1999) (improper for prosecutor to state in closing argument that employees of the government wouldn't lie). *See also United States v. Martin,* 507 F.2d 428 (7th Cir. 1974) ("[I]t was particularly important for the Defendant to know of any prejudices the jurors may have had about the Government or about the credibility of government agents.").

**DEFENDANTS' PROPOSED INSTRUCTION 14**
**NUMBER OF WITNESSES**

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

**AUTHORITY**:
PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SIXTH CIRCUIT, Inst.
No. 1.08 (2013 ed.).

## DEFENDANT'S PROPOSED INSTRUCTION 15
## DEFENDANT'S DECISION TO TESTIFY/NOT TO TESTIFY

**[To be completed at end of case]**

A Defendant in a criminal case has a constitutional right not to testify. You may not draw any inference of any kind from the fact that the Defendant did not testify.

*OR*

The Defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

## DEFENDANT'S PROPOSED INSTRUCTION 16
## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## DEFENDANT'S PROPOSED INSTRUCTION 17
## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count 1.

Count 1 of the indictment accuses the defendant of committing the crime of Providing Material Support To a Designated Foreign Terrorist Organziation (18 U.S.C. Section 2339b) in two different ways. The first is that the defendant attempted to provide material support and resources, to wit personnel (himself). The second is that the defendant attempted to provide material support and resources by producing videos and propaganda (services).

In order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant attempted to provide material support and resources, to wit personnel (himself); or, all of you must agree that the government proved beyond a reasonable doubt that the defendant that the defendant attempted to provide material support and resources by producing videos and propaganda (services).

## DEFENDANT'S PROPOSED JURY INSTRUCTION 18
## FIRST AMENDMENT

The First Amendment to the United States Constitution provides: Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

This amendment guarantees to all persons in the United States the right to freedom of speech, freedom of religion, and freedom of association. Because of these constitutional guarantees, no one can be convicted of a crime simply on the basis of his beliefs, his expression of those beliefs, or his associations. The First Amendment, however, does not provide a defense to a criminal charge simply because a person uses his associations, beliefs, or words to carry out an illegal activity. Stated another way, if a defendant's speech, expression, or associations were made with the intent to willfully provide funds, goods, or services to or for the benefit of ISIS, or to knowingly provide material support or resources to ISIS, as described in the indictment, then the First Amendment would not provide a defense to that conduct.

Proof that people simply met together from time to time and talked about common interests, such as political views or religious beliefs, or engaged in similar

conduct, is not enough to establish a criminal agreement in a conspiracy. You may

consider these things in deciding whether the government has proved an

agreement, but without more, they are not enough.

**Authority:**
*United States v. Hunt*, Case No. 1:21-cr-00086-PKC, Jury Instructions, Doc. 92 (Apr.28, 2021); S2 Modern Federal Jury Instructions-Criminal 6.18.875C, Notes (2021); *United States v. Watts*, 394 U.S. 705, 708 (1969) (explaining that "political hyperbole" is not a true threat); *see also* 2 Modern Federal Jury Instructions-Criminal P 31.01 (2021) (under § 871, "even the crudest, most offensive methods of stating political opposition to the President are not threats"); *United States v. Williams*, 553 U.S. 285, 321 (2008) *United States v. Amawi*, 695 F.3d 457, 482 (6th Cir. 2012) (approving this instruction in an 18 U.S.C. 956 prosecution) (as modified).

## DEFENDANT'S PROPOSED INSTRUCTION 19

## IMPLICIT BIAS

Each one of us has biases about or certain perceptions or stereotypes of other people. We may be aware of some of our biases, though we may not share them with others. We may not be fully aware of some of our other biases. Our biases often affect how we act, favorably or unfavorably, toward someone. Bias can affect our thoughts, how we remember, what we see and hear, whom we believe or disbelieve, and how we make important decisions.

As jurors you are being asked to make very important decisions in this case. You must not let bias, prejudice, or public opinion influence your decision. You must not be biased in favor of or against any party or witness because of his or her disability, gender, race, religion, ethnicity, sexual orientation, age, national origin, or socioeconomic status.

Your verdict must be based solely on the evidence presented. You must carefully evaluate the evidence and resist any urge to reach a verdict that is influenced by bias for or against any party or witness.