**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | CRIMINAL NO. 4:24-CR-00561 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| ANAS SAID, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S PROPOSED JURY QUESTIONS**

COMES NOW the Defendant, Anas Said, by and through undersigned counsel, and respectfully requests that the Court include the following questions in the voir dire examination of prospective jurors, and that counsel be permitted to ask appropriate follow-up questions. Because several areas of inquiry below concern sensitive matters of religious, ethnic, and political belief and personal experience, as to which prospective jurors may be reluctant to answer candidly in the presence of the entire panel, Defendant respectfully requests that the Court permit any prospective juror to answer such questions individually, at the bench. Defendant further requests leave to submit such additional and supplemental questions as may become appropriate and relevant.

Dated this 6th day of July, 2026.

1

Respectfully submitted,

/s/ Sufia Khalid
Sufia M. Khalid
Attorney for the Defendant Anas Said
National Security Criminal Defense
Center
Muslim Legal Fund of America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
972-914-2507

/s/ Suha Najjar
Attorney for the Defendant Anas Said
National Security Criminal Defense
Center
Muslim Legal Fund of America
100 N. Central Expy., Suite 1010
Richardson, TX 75080
972-914-2507

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2026, a true and correct copy of the foregoing DEFENDANT'S PROPOSED JURY QUESTIONS was filed and served on all counsel of record via the Court's CM/ECF system.

/s/ Sufia Khalid
Sufia Khalid

2

## I.     GENERAL PRINCIPLES

The following questions concern the fundamental principles that govern this trial. If the Court has not already done so, Defendant requests that the Court explain the presumption of innocence, the government's burden of proof beyond a reasonable doubt, and the defendant's right not to testify, and then inquire as follows:

- The indictment is only an accusation; it is not evidence of anything. If you had to vote right now, this minute, before hearing any evidence, guilty or not guilty,  how would you vote?

- On a scale of 1 to 10, how strongly do you agree with the rule that the government must prove guilt beyond a reasonable doubt?

  Do you believe that innocent people are sometimes charged with, or even convicted of, crimes they did not commit?

- Right now, as Mr. Said sits here, do you regard him as innocent? If not, what would it take?

- How do you feel about a system that puts the *entire* burden on the government and requires it to prove every element beyond a reasonable doubt, while the defendant has to prove nothing at all?

- Even if you concluded the government had *not* proven its case beyond a reasonable doubt, is there anything that would make you reluctant to return a verdict of not guilty?

- Would you *want* to hear Mr. Said testify or explain his side? If he chose not to, would some part of you hold that against him?

- The government must prove each element of the charge beyond a reasonable doubt, and that burden never shifts to the defendant. Will you hold the government to that burden throughout the trial?

- Mr. Said is not required to testify, to call any witness, or to present any evidence. If he chooses not to do so, would you hold that against him or treat it as a sign of guilt?

- Would you expect or require Mr. Said to prove that he is innocent?

- The burden of proof is the same in every criminal case, no matter what the charge is. Do you believe the government should have to prove less, or that the presumption of innocence should count for less, in a case involving allegations of terrorism?[1]

- The Court will instruct you on the law. If you were to disagree with an instruction, or think the law should be different, would you still be able to follow the law as the Court gives it to you?

## II.   THE PARTIES, COUNSEL, AND WITNESSES

- Do you know, or have you had any dealings with, the defendant, Anas Said, or any member of his family?

- Mr. Said is represented by Sufia Khalid and Suha Najjar. Do you know either attorney, or the Muslim Legal Fund of America, or have you had any dealings with them?

- The government is represented by Assistant United States Attorneys Steven Schammel and Liesel Roscher. Do you know either prosecutor, or have you had any dealings with the United States Attorney's Office or the Department of Justice?

---

[1] The government's burden to prove each element beyond a reasonable doubt is a constitutional requirement that applies equally in every criminal prosecution, whatever the nature of the charge. See *In re Winship*, 397 U.S. 358, 364 (1970). Inquiry into whether a prospective juror would relax that burden, or discount the presumption of innocence, because the charge involves alleged terrorism is directed at exposing a disqualifying inability to follow the law.

- Have you, a family member, or a close friend ever had any dealings with the Federal Bureau of Investigation or the Joint Terrorism Task Force?
- The parties will read the names of the persons who may testify at this trial. Do you know, or have you ever had any dealings, directly or indirectly, with any of them?
  - Would knowing any such person affect your ability to be a fair and impartial juror in this case?

## III.  EXPOSURE TO PRETRIAL PUBLICITY AND THE MEDIA

Defendant requests that questioning in this section be conducted individually, at the bench, so that one juror's exposure to publicity does not affect the rest of the panel.

- Have you seen, read, or heard anything about this case, about Mr. Said, or about the events alleged in this case?[2]
  - If so, what did you see, read, or hear, and where?
  - Have you formed any opinion about whether Mr. Said is guilty or innocent?
  - Could you set aside anything you have seen or heard outside this courtroom and decide this case solely on the evidence presented at trial and the Court's instructions?
- Where do you regularly get your news—for example, television, newspapers, online sites, social media, or podcasts?

---

[2]Searching voir dire, including individualized questioning about exposure to media coverage, is an appropriate means of identifying and mitigating the prejudicial effects of pretrial publicity. See *Skilling v. United States*, 561 U.S. 358, 388–95 (2010).

- Have you followed news coverage about ISIS, about terrorism prosecutions, or about material-support cases?

- Have you discussed this case with anyone, seen it discussed on social media, or posted anything about it yourself?

## IV.  RELIGION, NATIONAL ORIGIN, ETHNICITY, AND LANGUAGE

Defendant requests that questioning in this section be conducted individually, at the bench. Defendant further requests that the Court instruct the prospective jurors, in substance, that Mr. Said is a Muslim man of Arab descent; that a person's religion, race, or national origin is not evidence and has no bearing on guilt or innocence; that everyone brings some attitudes and life experiences to jury service; and that the Court and the parties are interested only in candid answers, and that no answer will be held against any juror.

- Is there anything about Mr. Said's religion, race, or ethnic background that would affect your ability to be a fair and impartial juror in this case?[3]

- Do you have any opinions, feelings, or beliefs about the Islamic faith, or about Muslims, that could affect your ability to be fair and impartial? Please describe.

- Have you, a family member, or a close friend had any experience with Muslims, or with people of Arab or Middle Eastern descent, that left you with strong feelings, whether positive or negative?

---

[3]Where, as here, the defendant's religion and ethnicity are inextricably bound up with the charged conduct, inquiry into religious, ethnic, and national-origin bias is essential to securing an impartial jury. See *Rosales-Lopez v. United States*, 451 U.S. 182, 190–91 (1981); *Ham v. South Carolina*, 409 U.S. 524 (1973); *Aldridge v. United States*, 283 U.S. 308 (1931). Questions framed as matters of degree, and posed in a setting that permits candor, are more likely to surface attitudes that a juror might not disclose in response to a direct, yes-or-no inquiry.

- Have you read, watched, or heard anything in the media about Muslims or about Islam that has shaped the way you view them?

- Some people believe that Islam, more than other religions, encourages violence; other people disagree. Where do your own views fall on that question?

- Do you have any feelings about immigrants, or about Arab or Middle Eastern people generally, that you think it is important for the Court to know?

- Some of the evidence may touch on conflicts in the Middle East, including conflicts involving Lebanon, Syria, Israel, Palestine, or Iran. Do you have feelings or opinions about any of those conflicts that could affect your ability to be fair and impartial in this case?

- How significant a problem do you believe prejudice against Muslims or against Arab people is in this country today?

- Do you speak, read, or understand the Arabic language?

## V. THE NATURE OF THE CHARGES: TERRORISM AND MATERIAL SUPPORT

- This case involves a charge of attempting to provide material support to ISIS, a designated foreign terrorist organization. The charge is only an allegation. Is there anything about the nature of that charge, standing alone, that would make it difficult for you to be fair and impartial?[4]

---

[4]The emotionally and politically charged nature of terrorism accusations creates a heightened risk that preexisting attitudes will affect a juror's judgment, which is precisely why inquiry into that risk is warranted. See *Rosales-Lopez*, 451 U.S. at 190–91; Neil Vidmar, *When All of Us Are Victims: Juror Prejudice and "Terrorist" Trials*, 78 Chi.-Kent L. Rev. 1143 (2003).

- Have you, a family member, or a close friend ever been directly affected by a terrorist attack?
    - Would that experience affect your ability to be fair and impartial in this case?
- Do you still feel any effects from the attacks of September 11, 2001, or from any other terrorist attack, that could influence your judgment in this case?
- Do you hold any fixed opinions about how terrorism cases should be investigated or prosecuted?
- Would you tend to assume that a person charged with a terrorism-related offense is probably guilty? Would you begin this case leaning in either direction because of the nature of the charge?
- Do you have any feelings or opinions about the government's designation of certain groups as foreign terrorist organizations?
- The foreign terrorist organization involved in this case is ISIS. It is lawful to hold, or even to voice, support for the beliefs, ideology, or goals of ISIS; Do you believe that it should be a crime to hold or to express support for such an ideology?[5]
    - Whether or not you agree with where the law draws that line, could you set your own view aside and follow the Court's instruction that a

---

[5]The material-support statute reaches only the provision of material support—including services and personnel—that is coordinated with or directed by a designated foreign terrorist organization; it does not reach independent advocacy, the expression of sympathy for an organization's aims, mere membership, or belief, all of which remain protected by the First Amendment. See *Holder v. Humanitarian Law Project*, 561 U.S. 1, 25–26 (2010) (the statute "does not prohibit independent advocacy or expression of any kind"). Inquiry designed to identify prospective jurors who could not accept the Court's instruction on this distinction, and who might convict on the basis of belief or protected expression alone, is directed at exposing a disqualifying inability to follow the law.

person may not be convicted for his beliefs, his opinions, or his words alone?

- If, at the end of the trial, you concluded that Mr. Said held or expressed views sympathetic to ISIS, but the government had not proven beyond a reasonable doubt that he attempted to provide material support to the organization, could you return a verdict of not guilty?

## VI.  LAW ENFORCEMENT AND GOVERNMENT INVESTIGATIVE TECHNIQUES

- Some of the witnesses may be law enforcement officers or federal agents. Would you tend to believe a witness more, or less, simply because he or she is a law enforcement officer?[6]

- Are you, or is a family member or a close friend, or employed by any law enforcement agency?

- This investigation involved the use of undercover law enforcement officers. Do you have any concern about, or objection to, the use of undercover officers?

- This investigation also involved a confidential human source—an informant who is not a law enforcement officer and who received a benefit, which may include money, in exchange for cooperating with the government.

  - Do you have any views about the government's use of paid or benefited informants?

- Have you had any contact or experience with the FBI, whether positive or negative?

---

[6]A prospective juror's inclination to credit or discredit a witness solely because of the witness's status as a law enforcement officer is a proper subject of inquiry and a basis for challenge. See *United States v. Baldwin*, 607 F.2d 1295 (9th Cir. 1979).

- Do you believe that if a federal agency has investigated someone, that person has probably done something wrong?

## VII. THE FIRST AMENDMENT, BELIEFS, AND ONLINE ACTIVITY

The Court will instruct the jury on the First Amendment. Some of the evidence in this case may concern things a person said, wrote, read, watched, or posted online.

- Do you have strong feelings about freedom of speech, or about the limits that the law places on speech?[7]

- The First Amendment protects a great deal of speech that many people find offensive, disturbing, or even hateful. Do you believe that the protections of the First Amendment should extend to speech that expresses support for ISIS or its ideology? Why or why not?

- Do you believe a person can properly be found guilty because of his beliefs, his opinions, or the things he has read or watched, as opposed to what he actually did?

- The government may present evidence that Mr. Said viewed, downloaded, shared, or created videos, images, or writings associated with ISIS. Would the nature of that material make it difficult for you to set your reaction aside and decide only whether the government has proven the specific crime charged?

- Do you create online content of your own—for example, a YouTube channel, a podcast, a blog, or a social-media group?

---

[7]Because the charged offense and the anticipated evidence implicate protected activity, and because the Court will instruct the jury on the First Amendment, inquiry into prospective jurors' attitudes about free expression—and about whether guilt may rest on belief or expression as opposed to conduct—is warranted. See *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2010).

- Do you have any training or experience in computers, computer forensics, or digital evidence?
- Do you have strong opinions about people who spend excessive amounts of time on the internet?

## VIII.  PRIOR EXPERIENCE WITH THE CRIMINAL JUSTICE SYSTEM

- Have you, a family member, or a close friend ever been a victim or a witness, a defendant, in an investigation in any criminal case?
- Have you, a family member, or a close friend ever had an experience with the police or other law enforcement—positive or negative—that left you with strong feelings?
- Have you ever served on a jury before? If so, was it a criminal or a civil case, and was the jury able to reach a verdict?
- Have you ever served on a state or federal grand jury?
- Have you, or has anyone close to you, ever worked for a lawyer or a law office, or had any legal training?
- Do you have any feelings about criminal defense attorneys, prosecutors, judges, or the criminal justice system that would make it difficult for you to be a fair and impartial juror in this case?

## IX.  OTHER MATTERS

- Have you, a family member, or a close friend ever been a victim of, or ever been accused of, domestic violence?
- Do you belong to any organization that supports or advocates for law enforcement, or would you describe yourself as a strong proponent of law enforcement causes?

- Is there any reason—including difficulty understanding English, a personal hardship, illness, or difficulty concentrating—that would make it hard for you to serve as a fair and attentive juror in this case?

## X.    CONCLUSION

In short, the purpose of these questions is to learn whether any prospective juror holds beliefs, feelings, or experiences that would make it difficult to reach a fair and impartial verdict based solely on the evidence and the Court's instructions. Everyone brings some attitudes, experiences, biases and prejudices to jury service, and there is no wrong answer. If there is anything you would prefer not to discuss in front of the other jurors, please let the Court know, and you may share it privately with the Court and counsel at the bench.